1  **HAYES SOLOWAY P.C.**
   Stephen B. Mosier, AZ State Bar #024847
2  Thomas A. Shewmake, AZ State Bar #029142
   4640 E. Skyline Drive
3  Tucson, Arizona 85718
   Telephone: (520) 882-7623
4  Facsimile: (520) 882-7643
   Email: smosier@hayes-soloway.com
5  Email: tshewmake@hayes-soloway.com

6

7  Ronald C. Gorsché (*pro hac vice application forthcoming*)
   **RONALD C. GORSCHE PLLC**
8  4054 Dean Martin Dr.
   Las Vegas, NV 89103
9  Tel: (303) 667-2301

10 Attorneys for Plaintiff
   **ONE-O-NINE Investments, Inc.**
11

12            **IN THE UNITED STATES DISTRICT COURT**
                **FOR THE DISTRICT OF ARIZONA**
13

14   ONE-O-NINE INVESTMENTS, INC.,         CIVIL ACTION NO.
                                           _____
15           Plaintiff,

16       v.
                                           **COMPLAINT FOR DECLARATORY**
17   KNAPE AND VOGT                        **JUDGMENT**
     MANUFACTURING COMPANY
18                                         **(DEMAND FOR TRIAL BY JURY)**
             Defendant.
19

20
         Plaintiff ONE-O-NINE Investments, Inc., for its causes of action against Defendant
21
   Knape and Vogt Manufacturing Company alleges as follows:
22

23                               **NATURE OF THE ACTION**

24
         1.      In this action, ONE-O-NINE Investments, Inc. is requesting the court to
25
   enter an order under 28 U.S.C. §§ 2201 and 2202 and 35 U.S.C. § 271 declaring that
26
   certain storage units offered for sale by ONE-O-NINE Investments, Inc. which have been
27

28
                                            1

accused of infringing United States Letters Patent No. 7,152,535 (hereinafter the " '535 PATENT") and United States Letters Patent 8,245,651 (hereinafter the " '651 PATENT") (collectively, the "PATENTS-IN-SUIT") by Knape and Vogt Manufacturing Company do not infringe any claims of both of the Patents-in-Suit.

## THE PARTIES

2. The Plaintiff, ONE-O-NINE Investments, Inc. (hereinafter referred to as "ONE-O-NINE"), is a corporation organized and existing under the laws of the State of Arizona. ONE-O-NINE has its principal place of business at 2401 W. Phelps Road, Unit C, Phoenix, Arizona 85023.

3. On information and belief, Defendant Knape & Vogt Manufacturing Company (hereinafter referred to as "KNAPE/VOGT") is a corporation organized and existing under the laws of the State of Michigan. Upon further information and belief, KNAPE/VOGT has a principal place of business at 2700 Oak Industrial Drive, N.E., Grand Rapids, Michigan, 49505-6083.

## JURISDICTION AND VENUE

4. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and under the patent laws of the United States, Title 35 of the United States Code including specifically 35 U.S.C. § 271, et seq.

5. This Court has subject matter jurisdiction over this action pursuant to and 28 U.S.C. §§ 1331 and 1338 and 28 U.S.C. §§ 2201 and 2202.

6. Plaintiff ONE-O-NINE is a corporation of the State of Arizona doing business in ARIZONA.

7. Defendant KNAPE/VOGT is transacting business in ARIZONA and has purposefully availed itself of the privilege of conducting business in Arizona, has conducted and is continuing to conduct business in the state of Arizona, has sent one or more communications threatening ONE-O-NINE with suit, and has thereafter negotiated with ONE-O-NINE through counsel for ONE-O-NINE.  Therefore, this Court has personal jurisdiction over KNAPE/VOGT with respect to the claims asserted herein.

8. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) because a substantial part of the events giving rise to the claims at issue occurred in this District.

**FACTUAL BACKGROUND**

9. ONE-O-NINE is in the business of selling storage structures which are, for example, suspended from a ceiling in a garage associated with a private residence.  ONE-O-NINE is doing business using the trade name THE GARAGE ORGANIZATION COMPANY.

10. Exhibit 1 is a copy of STRONG RACKS™ instruction book for assembling a 750 Pound Capacity Overhead Storage Unit Model SR 750 offered for sale by ONE-O-NINE.  Exhibit 2 is a similar instruction book for the SR 600D overhead storage unit of ONE-O-NINE; and Exhibit 3 is a similar instruction book for the SR 1000 overhead storage unit of ONE-O-NINE.

11. Upon information and belief, KNAPE/VOGT offers for sale and sells HYLOFT® ceiling storage products, at least some of which are seen on Exhibit 4.  The HYLOFT products seen on Exhibit 4 are believed to be available for purchase in the state

of Arizona through a web site of KNAPE/VOGT and, upon further information and belief, through local distributors operating or offering to make sales in Arizona.

12. Exhibit 5 attached hereto is a true and correct copy of a letter dated January 24, 2014 from Louis J. Alex to Todd Mansor, the President of ONE-O-NINE.

13. In Exhibit 5, Mr. Alex, on behalf of KNAPE/VOGT states that KNAPE/VOGT owns the '535 PATENT, a copy of which is attached hereto as Exhibit 6, and the '651 PATENT, a copy of which is attached hereto as Exhibit 7.

14. In Exhibit 5, Mr. Alex, on behalf of KNAPE/VOGT identifies and accuses certain products of ONE-O-NINE and includes a copy of materials which purport to illustrate those products. The materials which illustrate the accused products are appended as Exhibits 8, 9, 10 and 11.

15. In Exhibit 5, Mr. Alex, on behalf of KNAPE/VOGT, states that the accused products of ONE-O-NINE identified in Exhibits 8-11, and which appear to be the products of Exhibits 1-3, fall within the scope of unidentified claims of the '535 PATENT and the '651 PATENT.

16. In Exhibit 5, Mr. Alex, on behalf of KNAPE/VOGT further demands that ONE-O-NINE "cease and desist from all further manufacture, sale and offer for sale of the accused product and other products that infringe one or more claims of the '535 or the '651 Patents."

17. In Exhibit 5, Mr. Alex, on behalf of KNAPE/VOGT demands damages from ONE-O-NINE.

18. Each of the claims of the '535 PATENT and each of the claims of the '651

4

PATENT require "a fastener securing said support frame to said structure . . . ." Each of the products seen in Exhibits 1-3 and 8-11 have tubes that attach to a track and do not have a "fastener securing" as recited and required by the claims of each of the '535 PATENT and the '651 PATENT.

19. Plaintiff ONE-O-NINE does not make, use, sell, offer for sale, import into the United States or advertise for sale, any products, including any one of the products seen in Exhibits 1-3 and 8-11, that fall within the scope of any one or more of any valid claims of either or both the '535 PATENT or the '651 PATENT. Thus, ONE-O-NINE does not infringe the '535 PATENT and does not infringe the '651 PATENT.

20. A case or controversy exists in that KNAPE/VOGT has falsely accused ONE-O-NINE of patent infringement. ONE-O-NINE here seeks an order declaring that it does NOT infringe any one or more of the claims of either the '535 PATENT or the '651 PATENT.

## COUNT I

**(Declaratory Judgment of Non-Infringement of the '535 patent)**

21. ONE-O-NINE herein incorporates paragraphs 1-20 set forth above the same as if fully set forth herein.

22. ONE-O-NINE has not made, used, offered for sale, sold, or imported into the United States any product including, but not limited to, the products identified in Exhibits 1-3 and 8-11, that falls within the scope of any valid claim of the '535 PATENT for reasons as set forth hereinbefore and because it further does not have, *inter alia,* a support beam as defined by the claims of the '535 PATENT.

5

23. ONE-O-NINE has not infringed, contributorily infringed, and/or induced infringement, and is not now infringing, contributorily infringing and/or inducing infringement, directly, indirectly or under the doctrine of equivalents, of any valid claim of the '535 PATENT.

24. ONE-O-NINE is being damaged by the false accusations of infringement by KNAPE/VOGT and seeks a declaration that ONE-O-NINE is not infringing any one or more claims of the '535 PATENT and has no liability to KNAPE/VOGT for damages for infringement of the '535 PATENT.

25. This is an exceptional case; and thus ONE-O-NINE is entitled to all of its attorneys fees attendant to this matter under the provisions of 35 U.S.C. § 285.

## COUNT II

**(Declaratory Judgment of Non-Infringement of the '651 patent)**

26. ONE-O-NINE herein incorporates paragraphs 1-20 as set forth above the same as if fully set forth herein.

27. ONE-O-NINE has not made, used, offered for sale, sold, or imported into the United States any product including, but not limited to, the products identified in Exhibits 1-3 and 8-11, that falls within the scope of any valid claim of the '651 PATENT for reasons as set forth hereinbefore.

28. ONE-O-NINE has not infringed, contributorily infringed, and/or induced infringement, and is not now infringing, contributorily infringing and/or inducing infringement, directly, indirectly or under the doctrine of equivalents, of any valid claim of the '651 PATENT.

COMPLAINT FOR DECLARATORY JUDGMENT

29. ONE-O-NINE is being damaged by the false accusations of infringement by KNAPE/VOGT and seeks a declaration that ONE-O-NINE is not infringing any one or more claims of the '651 PATENT and has no liability to KNAPE/VOGT for damages for infringement of the '651 PATENT.

30. This is an exceptional case; and thus ONE-O-NINE is entitled to all of its attorneys fees attendant to this matter under the provisions of 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, ONE-O-NINE respectfully requests that this Court:

A. Order and Declare that it has jurisdiction over the parties to this action and over the subject matter of this action.

B. Order and Declare that ONE-O-NINE has not infringed and is not infringing, directly, indirectly and under the doctrine of equivalents any valid claim of the '535 PATENT.

C. Order and Declare that ONE-O-NINE has not infringed and is not infringing, directly, indirectly and under the doctrine of equivalents any valid claim of the '651 PATENT.

D. Declare that this case is exceptional under 35 U.S.C. § 285 and award ONE-O-NINE its reasonable attorneys' fees in this action.

E. Award ONE-O-NINE its costs and expenses in this action.

F. Award ONE-O-NINE such other and further relief as the Court may deem proper and just.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure Rule 38, Plaintiff ONE-O-NINE hereby demands a jury trial on all issues triable by jury.

Dated: March 19, 2014                Respectfully Submitted,

By:  /s/ Stephen B. Mosier

Stephen B. Mosier, Esq.
Thomas A. Shewmake, Esq.
**HAYES SOLOWAY**
4640 E. Skyline Drive
Tucson, AZ 85718
Tel: (520) 882-7623
Fax: (520) 882-7643

Ronald C. Gorsché (*pro hac vice application forthcoming*)
**RONALD C. GORSCHE PLLC**
4054 Dean Martin Dr.
Las Vegas, NV 89103
Tel: 303-667-2301
Email: ron@gorschelaw.com

Attorneys for Plaintiff
**ONE-O-NINE Investments, Inc.**

Address of Plaintiff:

ONE-O-NINE
2401 W. Phelps Road, Unit C
Phoenix, Arizona 85023.